UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRYL A. RANDOLPH,

    Plaintiff,

v.

EAST ST. LOUIS POST OFFICE and MR. WORTH,

    Defendants.

Case No. 08-cv-450-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Darryl A. Randolph's ("Randolph") motion for leave to proceed *in forma pauperis* (Doc. 2), motion for appointment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4).

**I.    Motion for leave to proceed *in forma pauperis* (Doc. 2)**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Randolph's affidavit that he is indigent. Furthermore, the Court sees nothing to indicate this Federal Tort Claims Act action is frivolous or malicious.

Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 2).

II.     **Motion for service of process as government expense (Doc. 4)**

Having been granted pauper status, Randolph is entitled to service of process at government expense if he so requests. *See* Fed. R. Civ. P. 4(c)(3). Accordingly, the Court **GRANTS** Randolph's motion making such request (Doc. 4). The Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summonses issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service, as required by Federal Rule of Civil Procedure 4(c)(1).

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

III.     **Motion for appointment of counsel (Doc. 3)**

The Court now turns to Randolph's motion for appointment of counsel (Doc. 3). Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to

accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiffs literacy, communication skills, educational level, litigation experience, intellectual capacity, psychological history.. *Id.*

Randolph has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Moreover, at this time it appears from Randolph's complaint that he is well able to articulate his arguments and that the task of prosecuting this litigation does not exceed his abilities. The Court therefore **DENIES** the motion (Doc. 3) **without prejudice**.

**IT IS SO ORDERED.**
**DATED: June 30, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**