UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL A. RANDOLPH,<br><br>    Plaintiff,<br><br>    v.<br><br>EAST ST. LOUIS POST OFFICE and MR. WORTH,<br><br>    Defendants. | Case No. 08-cv-450-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. The Court has received the U.S. Marshal's clarification (Doc. 14) of the return of service filed on June 8, 2009 (Doc. 12). The Court **DIRECTS** the Clerk of Court to send a copy of the clarification (Doc. 14) to plaintiff Darryl A. Randolph. It appears from the clarification that service has not been accomplished on defendant Mr. Worth.

In June 2008, the Court granted Randolph leave to proceed *in forma pauperis* and directed the United States Marshal to effect service for Randolph under Federal Rule of Civil Procedure 4(c)(3). The Marshall has attempted to serve Worth a number of times at his place of employment in September and October 2008, but Worth was not there because was apparently on leave from his job at the post office under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

The Court then extended the time for service pursuant to Federal Rule of Civil Procedure 4(m) and encouraged Randolph to direct service at Worth's home address. He did so, but after at least five attempts at the address provided by Randolph, the Marshal was still unable to serve the process.

As noted in an earlier order, Rule 4(m) governs the time in which process must be served. That rule provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This rule requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Again, Randolph has shown good cause for failing to serve Worth. There is no evidence the home address Randolph provided is not a good address; the Marshal has simply not been successful in his numerous service attempts. The Court believes one further opportunity for service is prudent. The Court therefore **ORDERS** that Randolph shall have up to and including September 25, 2009, to serve Worth.

The Court **DIRECTS** the Clerk of Court to send Randolph <u>two</u> forms for reissuance of summons and <u>two</u> 285 forms. Randolph may complete one set of forms for Worth's home address and one set of forms for Worth's work address. The Court further **DIRECTS** the plaintiff to provide to the United States Marshal Service the summonses issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service <u>at each service location</u>, as required by Federal Rule of Civil Procedure 4(c)(1).

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c), to serve a copy of summons, complaint and this order upon Worth in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

The Court further **WARNS** Randolph that it is incumbent on him to identify a proper

address for service and that if he is unable to provide an address where the Marshal, after diligent efforts, is able to obtain service, the Court will dismiss his claims against Mr. Worth without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**
**DATED:  July 27, 2009**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**