IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRYL A. RANDOLPH,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO. 08-CV-450-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant United States of America's Motion for Summary Judgment (Doc. 22), to which plaintiff Darryl A. Randolph filed two Responses (Docs. 30, 33). For the following reasons, the Court grants the United States' Motion for Summary Judgment (Doc. 22).

## BACKGROUND

**I.**     **Standard for Summary Judgment**

The "primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Oest v. Ill. Dep't of Corrections*, 240 F.3d 605, 610 (7th Cir. 2001). Specifically, the Federal Rules of Civil Procedure require that summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material only if it can affect the outcome of the suit under the applicable law. *Oest*, 240 F.3d at 610 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine only if a reasonable jury would, based on the evidence, return a verdict

for the non-moving party. *Id*. When determining whether there is a genuine issue of material fact, the Court will construe the facts and reasonable inferences in the light most favorable to the non-moving party. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009).

The burden of proof is first placed on the moving party to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing *Aickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Once the moving party has met this burden, the burden then shifts to the non-moving party. *Anderson*, 477 U.S. at 250. To prevail, the non-moving party must go beyond the pleadings to show that there is a genuine issue of material fact. *Id*.

**II.     Facts**

Quinton Worth, an employee of the United States Postal Service (hereinafter "USPS"), delivered Randolph's mail on April 2, 2007. (Doc. 22-1, p. 5). While on Randolph's property, Worth went to the side of the yard where Randolph's dogs were fenced in and maced them. *Id*. Randolph's neighbor approached Worth, asked him to stop, and he did after two to three minutes. (Doc. 22-1, p. 7).

When Randolph discovered what happened, he became concerned because one of his dogs had recently had $1,000 worth of veterinary care, and the macing incident aggravated the dog's injury. (Doc. 1, ¶ 2). Randolph spoke with other mail carriers on Randolph's route, and the mail carriers told him they had never had problems with his dogs, nor was there any reason for Worth to approach the dogs because the mail box was on the other side of the yard. (Doc. 1, ¶ 5). Additionally, a supervisor determined that there was no reason for Worth to approach the dogs. *Id*.

**III.     Relevant Procedural Posture**

Randolph filed an administrative claim against Worth and the East St. Louis Post Office (hereinafter "Post Office") with the USPS Tort Claims Accounting Service Center (hereinafter "Center") in accordance with the Federal Tort Claims Act (hereinafter "FTCA")[1].  28 U.S.C. § 2675(a).  The Center found that Randolph failed to establish that the Post Office and Worth were negligent, and denied his claim on December 13, 2007.  (Doc. 22-1).  Randolph filed for reconsideration, and the Center denied his claim again.  (Doc. 22-1).  The final denial was mailed on December 20, 2007.  (Doc. 22-1).

Randolph filed his claim in federal court on June 23, 2008.  (Doc. 1).  The Post Office and Worth filed a Motion to Substitute Party (Doc. 21), which the Court granted (Doc. 24), and the United States was substituted as the defendant.  The United States filed a motion to dismiss for lack of subject matter jurisdiction, to which Randolph filed a Response (Doc. 30).  The Court then converted the motion into a Motion for Summary Judgment and notified Randolph of the consequences if he failed respond.  (Doc. 32).  Randolph filed another Response (Doc. 33).

## ANALYSIS

The issue in this case is whether the United States is entitled to judgment as a matter of law.  The United States, as a sovereign, is immune from suit for money damages unless it consents to such a suit.  *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941).  When there is consent, this consent is what defines the court's jurisdiction to entertain the suit.  *Id.* at 587.

---

[1] The Post Office is a federal agency and Worth is an employee of the Post Office. Additionally, Randolph's claim against Worth is based on Worth's behavior while acting within the scope of his employment.  Thus, the FTCA is applicable to this case.  *See* 28 U.S.C. § 1346(b)(1).

3

The FTCA waives the United States' sovereign immunity and grants jurisdiction to federal courts when the United States is sued for money damages for certain tort injuries. *See* 28 U.S.C. §§ 1346, 2674. Specifically, the statute states that "district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages. . . for injury or loss of property. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." § 1346(b)(1). Additionally, the statute makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances." § 2674.

Before a suit can be brought in federal court, however, the aggrieved party must first present the claim to the proper federal agency. § 2675(a). When a claim is against the USPS, and it is denied by the agency, the aggrieved party can file for reconsideration. 39 C.F.R. § 912.9(b). When the agency has mailed a final denial of the claim, the aggrieved party then has six months after the date of mailing of the final denial to file the claim in federal court. 28 U.S.C. § 2401(b). If the party does not bring suit within six months, the claim is forever barred. *Id*. The six month time limitation must be construed narrowly because it is an integral aspect of the waiver of immunity. *Tribue v. U.S.*, 826 F.2d 633, 636 (7th Cir. 1987).

In order to compute the time frame in which a party must file a tort claim in federal court against the United States pursuant to the FTCA, the court must begin one day after the date of mailing of the final denial and go forward six months. *Id*. at 635. For example, if the final denial is mailed on July 23, the court must start the computation on July 24. *Id.* Month one is from July 24 to August 23, month two is from August 24 to September 23, and so on through month six, which is from December 24 to January 23. *Id*. Therefore, in order to fall within the

time limitation, the claim in this example must have been filed by January 23. *Id*.

In the present case, Randolph followed the proper administrative procedures as is required by the FTCA. In regards to the time limitation for filing a claim in federal court, the United States argues that Randolph must have filed his claim on or before June 20, but because Randolph filed it June 23, his claim is forever barred. To determine whether June 20 was in fact the last day Randolph had to file his claim in federal court, the Court will calculate what the time limitation was.

The Center mailed the final denial on December 20, 2007 (Doc. 22-1), so the Court must begin the time computation on December 21. Month one is from December 21 to January 20, month two is from January 21 to February 20, month three is from February 21 to March 20, month four is from March 21 to April 20, month five is from April 21 to May 20, and month six is from May 21 to June 20. Based on this computation, Randolph was required to file his claim in federal court on or before June 20, 2008. June 20, 2008 was a Friday and the court was open for business, so Randolph could not deviate from this specific date requirement. Randolph did not file his claim on or before June 20, 2008. He filed his claim on June 23, 2008, and thus his claim falls outside of the six month time period and is forever barred. The United States has met its initial burden of proof for summary judgment.

The burden then shifts to Randolph to provide additional information to demonstrate that there is a genuine issue of material fact. Randolph has failed, however, to provide any evidence to indicate that the claim was filed within the time limitation, or that the time limitation the United States, and this Court, has set forth is incorrect. Accordingly, there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law. The Motion for

Summary Judgment (Doc. 22) is granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion for Summary Judgment (Doc. 22), and **DISMISSES with prejudice** Randolph's claim.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 2, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
